NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED REHABILITATION, LLC, IRBY SPINE CARE, PC, and SHORE SPINE CENTER & PHYSICAL REHABILITATION, PC, on behalf of themselves and other similarly situated, | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION** |
| Plaintiff, | Civil Action 2:10-cv-0263 (DMC)(MF) |
| v. | |
| UNITEDHEALTH GROUP, INC., UNITEDHEALTHCARE, UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK, INC., UNITEDHEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICE, LLC, OXFORD HEALTH PLANS LLC, OXFORD HEALTH PLANS (NY), INC., OXFORD HEALTH PLANS (NJ), INC., and OXFORD HEALTH INSURANCE, INC., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court on Plaintiffs' motion for an order granting Plaintiffs leave to file a second amended complaint.  Pursuant to Fed.R.Civ.P. 78, stating that the court has the authority to provide for submitting and determining the motions on briefs without oral hearings, no oral argument was heard.  After considering all submissions, it is the decision of this Court that Plaintiffs' motion for leave to replead is **denied**.

1

I.  **BACKGROUND**

On March 17th, 2011, this Court issued an Opinion (ECF No. 37) and Order (ECF No. 38) granting Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Plaintiffs now seek relief from the judgment and plead under Federal Rules of Civil Procedure, 59(e) and 15(a), as such.

Four chiropractic providers filed a complaint on January 15th, 2010 against Defendants who administer health plans for numerous employers and governmental entities. All Defendants are out of network providers under the terms of health insurance plans managed by Defendants. On April 22nd, 2010, the parties stipulated to Plaintiff's filing of an amended complaint (ECF No. 26) which was, thereafter, filed on May 14th, 2010.

The facts derived from that complaint are as follows. The health plans at issue include New York State Health Insurance Program/Empire Blue Cross-Blue Shield, the Verizon/United Healthcare plan, an employee plan for the Port Authority of New York and New Jersey and an Oxford/Freedom Health Plan. Plaintiffs allege that reimbursement was denied for administration of a procedure known as manipulation under anesthesia ("MUA"). (Pl.'s Mem. Opp. Mot. 1, Jul. 9th, 2010, ECF No. 32). Plaintiffs further allege that Defendants exercised a "blanket policy of denying coverage for MUA procedures." Id. Denial was based on grounds of non-medical necessity or contentions that they are experimental, at least for treatment of specific conditions. Plaintiffs also argued that the appeals process was "preordained to deny coverage." Id.

Each of the four chiropractic providers submitted claims on behalf of a patient who had been treated with MUA. Each case presented a claim denied initially, and then through the subsequent appeals process. Plaintiffs' amended complaint raised breach of contract and breach

of fiduciary duty claims under the Employee Retirement Income Security Act ("ERISA") and under New Jersey state law and sought reimbursement of unpaid claims under ERISA.  Further, Plaintiffs sought a declaratory judgment and a permanent injunction preventing Defendants from automatically denying coverage for MUA procedures.

This Court concluded, in the Opinion set out on March 17, 2011 (the "Opinion"), that "every single plan relevant to the complaint [contained] language reserving the right to make decisions about which procedures to cover, based on the plan's decision as to medical necessity, or the plan's determination as to what is experimental or investigative for a given ailment, illness or condition."  Advanced Rehab., LLC v. Unitedhealth Group, Inc., No. 10-0263, 2011 WL 995960, at *3 (D.N.J. Mar. 17, 2011).  Further, this Court found that Plaintiffs had failed to make a threshold showing that Defendants acted outside the scope of their entitled decision-making powers, pursuant to this reservation of authority.  Id.  This Court, moreover, could not plausibly infer, from the facts presented by Plaintiff, that there was collusion or bad faith involved in the appeals process, nor that the process itself was in any way pre-ordained.  Id. at *4.  Finally, this Court held that it was not convinced of a basis for finding Defendants' denials pretextual.  Id. at *3.

**II.   STANDARD OF REVIEW**

Plaintiffs explicitly couch their motion for relief in Fed.R.Civ.P. 59(e), 60(a) and/or 15(a). (Pl.'s Mem. in Supp. 3, Mar. 31st, 2011, ECF No. 40).  Rule 60(a) contemplates a correction based on clerical mistakes, oversights or omissions and is not applicable here.  The Court will analyze Plaintiffs' arguments under the remaining two rules, in turn.

**1. Motion to Alter or Amend a Judgment**

Motions to alter or amend made pursuant to Fed.R.Civ.P. 59(e) shall be granted where: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. 2003). The counterpart Local Rule to Fed.R.Civ.P. 59(e) is L.Civ.R. 7(I), which guides a motion for reconsideration. A motion for reconsideration is properly granted where the Court overlooked "matters or decisions" which, "if considered by the Court, might have reasonably altered the result reached." G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990)

**2. Motion for Leave to Amend Complaint**

Courts will freely give leave to amend "when justice so requires." Fed.R.Civ.P. 15(a). However, leave to amend may be denied where the amendment would be futile, frivolous, or a waste of time. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985). Leave may be denied where the amendments would not withstand a motion to dismiss or, in other words, where the amendments fail to state a cause of action upon which relief could be granted. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).

**III.   DISCUSSION**

**1. Motion to Alter or Amend Judgment**

Alteration of a judgment is appropriate where the law has changed, new evidence is available or an error was made by the Court. Plaintiffs suggest that this Court overlooked certain factual matters in coming to its conclusion in the Opinion filed March 17th, 2011. However,

Plaintiffs end up conceding that this Court indeed considered the exact material they fruitlessly contend was overlooked.  See (Pl.'s Mem. in Supp. 9).  This Court previously requested further submission in the form of letters denying reimbursement for medical expenses associated with the MUA procedures.  (Ct.'s Letter, Feb. 23, 2011, ECF No. 34).  Plaintiffs admit that the "[a]mended [c]omplaint details through such correspondence" and that "[t]his material was considered by the Court." (Pl.'s Mem. in Supp. 9).  The resulting argument is futile because Plaintiffs offer no new facts and moreover, reveal no facts that appeared before but were overlooked in error.  This Court has reviewed and considered all arguments and submissions that Plaintiffs allude to in the instant motion hereby finding the renewed arguments to remain unpersuasive.

### 2. Motion for Leave to Amend Complaint

The amendments offered by Plaintiffs would not withstand a motion to dismiss and are therefore futile under Foman.  Plaintiffs cite case law which indeed expounds the rule that leave to amend should be "granted freely," while failing to recognize or concede that the rule is limited in its scope.  The rule contemplates complaints that are vulnerable to dismissal, rather than those sought after judgment on a dispositive motion.  See Dole v. Arco Chem. Co., 921 F.2d 484, 486 (3d Cir.1990).  Relevant to this proposition, Plaintiffs cite Shane v. Fauver, in which the Third Circuit held that a District Court must ensure that Plaintiffs have a fair opportunity to amend a complaint to cure a deficiency that would otherwise result in claims vulnerable to dismissal.  Indeed, the Court set out a standard considering judgment of dismissal without leave to amend proper only when based in bad faith, prejudice, futility or undue delay.  213 F.3d 113, 117 (3d Cir.2000).  Shane is inapplicable here merely because Plaintiffs were given the opportunity to

amend their complaint during the period in which their complaint was vulnerable to dismissal.[1]

It was at that point that Plaintiffs were given their "reasonable opportunity to cure the defect." Id. at 116.

IV.   **CONCLUSION**

Plaintiffs do not provide this Court with a change of law, new evidence or revelation of error in the Opinion filed March 17th, 2011.  Further, Plaintiffs were given leave to amend their initial complaint when that complaint was vulnerable to a motion to dismiss.  For the foregoing reasons, Plaintiffs' motion for leave to file a second amended complaint is **denied**.

                                                              S/ Dennis M. Cavanaugh
                                                              Dennis M. Cavanaugh, U.S.D.J.

Date:          October  31 , 2011
Original:      Clerk's Office
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File

---

[1] Plaintiffs initial complaint was filed on January 15th, 2010.  Defendants' motion to dismiss was filed March 12th, 2010 (ECF No. 12) then was terminated with the filing of the amended complaint (ECF No. 26) on May 14th.